IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTONIO P. SALAZAR, in his official capacity as Commissioner of The Office of the Commissioner of Financial Regulation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FORTIVA FINANCIAL, LLC, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 21-cv-00866-LKG<br><br>Dated:  April 28, 2022 |

**MEMORANDUM OPINION**

Introduction

On September 15, 2021, plaintiff filed a motion to remand this matter to the Office of the Commissioner of Financial Regulation ("OCFR"), because the OCFR is not a State court as that term is used in Title 28, United States Code, Section 1441(a).  Pl. Mot., ECF No. 26.  The parties have fully briefed this issue.  *See* Def. Resp., ECF No. 27; Pl. Reply, ECF No. 28.  Def. Sur-reply, ECF No. 32.  On April 28, 2022, the Court held a status conference to discuss plaintiff's motion.  For the reasons that follow, and for those stated during the April 28, 2022, status conference, the Court **GRANTS** plaintiff's motion to remand.

Factual Background

As background, this case involves an enforcement action brought by the OCFR against defendants, Atlanticus Services Corporation, Fortiva Services, LLC and the Bank of Missouri, involving charges that the defendants violated Maryland law by, among other things, making installment loans and engaging in collection agency activities without being licensed to do so in the State of Maryland.  *See* Compl. at 2, ECF No. 2.  Specifically, the OCFR's Charge Letters contain the following charges:

Count 1: Respondent Bank violated Maryland law by offering and/or making installment loans in Maryland without being licensed to do so and without being exempt from the licensing requirement, in violation of CL§ 12-1015 as well as FI§§ 11-302, 11-203, and 11-203.1.

Count 2: Respondent Bank made consumer loans in Maryland without being licensed to do so and without being exempt from the licensing requirement, in violation of CL § 12-302 and FI § 11-203.1. Moreover, pursuant to CL§ 12-314(b)(2), Respondents, who are neither licensed nor exempt from licensing, "may not receive or retain any principal, interest, or other compensation with respect to any loan that is unenforceable under this subsection." As a result, not only are the Respondents' loans to all Maryland consumers unenforceable, but the Respondents; or its agents or assigns, are prohibited from collecting the principal amount of those loans from any of these consumers or from collecting any other money related to those loans;

Count 3: Respondent Bank violated CL § 12-915 by offering and/or making an extension of open-ended or revolving credit, such as credit cards, under this subtitle in Maryland without being, licensed to do so and without being exempt from the licensing requirement; in violati9n of CL § 12-915 as well as FI §§ 11-302, 11-203, and 11-203.1;

Count 4: Respondents' Atlanticus and Fortiva violated CL§§ 14-1901(e)(l)(ii) and 14-1903(b) of the Maryland Credit Services Business Act by providing advice and/or assistance to Maryland consumers with regard to obtaining an extension of credit for the consumer when accepting and/or processing credit applications on behalf of the Bank without a credit services business license as describe in the above-referenced retail lending scheme;

Count 5: Respondents' Atlanticus and Fortiva violated BR§ 7-401 of the Maryland Collection Agency Licensing Act by engaging in collection agency activities without being duly licensed by the Board or otherwise exempt from licensure. By engaging in unlicensed collection· agency activities in Respondents are subject to the imposition of fines and other non-monetary penalties under FI § 2-115(b) and to the imposition of fines, restitution, and other non-monetary penalties under MCALA.

*Id.* at 11. Defendants filed a notice of removal to this Court on April 5, 2022, pursuant to 28 U.S.C. 1441(a), while the enforcement action was still pending before the OCFR.[1] *See* Not. of

---

[1] The OCFR has delegated its fact-finding authority in this matter to the Office of Administrative Hearings ("OAH"). *See* Pl. Mem. at 6. During such fact-finding, the OAH will hold a hearing and then submit a proposed decision to the OCFR. *See* Code. Md. Reg. 09.01.03.08. The OCFR will then review the OAH's proposed decision and issue a final decision, which may include the OAH's proposed decision with or without modification. *Id.*

2

Removal at 2, ECF No. 1.  Thereafter, plaintiff moved to remand the case back to the OCFR.  Pl. Mot.

There are several undisputed facts about how the OCFR functions that are relevant to plaintiff's motion to remand.  First, the OCFR is a unit of the Maryland Department of Labor and this agency is responsible for, among other things, issuing licenses to entities wishing to issue loans to consumers in Maryland and investigating violations of Maryland's consumer loan laws.  *See* Md. Code Ann., State Gov't § 8-201; Md. Code Ann., Bus. Reg. § 2-108(a)(3); Md. Code Ann., Fin. Inst. §§ 2-114, 11-203.1.  Second, under Maryland law, the OCFR has the authority to initiate investigations to determine whether a person has violated a law or regulation under the OCFR's purview.  Md. Code Ann., Fin. Inst. § 2-114(a)(1)(i).

The OCFR may also "administer oaths and affirmations, subpoena witnesses, compel witness attendance, take evidence, and require the production of . . . other documents or records" relevant to the investigation.  *Id.* at § 2-114(b).  In addition, the Maryland Code makes clear that the OCFR may issue a cease and desist order, revoke an individual's license, or issue a fine, if the OCFR determines that a violation within its purview has occurred.  *Id.* at §§ 2-115(b), 11-215, 11-216(a).

The OCFR cannot, however, enforce its own subpoenas.  *Id.* § 2-114(c).  Rather, the OCFR must apply to a Maryland circuit court to seek enforcement.  *Id.*  Lastly, the OCFR's decisions are not final and may be appealed to a Maryland circuit court, which may take additional evidence and either, reverse, affirm, or modify the OCFR's decision.  *Id.* at § 11-218; *see also* Md. Code Ann., State Gov't § 10-222(f).

Legal Standards

Pursuant to 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When determining whether a case, once removed, should be remanded to state court, the Court must construe this general removal statue "strictly."  *Stephens v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011).  And so, "[i]f federal jurisdiction is doubtful, a remand is necessary."  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

While the United States Court of Appeals for the Fourth Circuit has not explicitly defined "State court" within the context of Section 1441(a), the Fourth Circuit has provided a framework for determining whether a State administrative agency is a "State court" under the federal officer removal statute, 28 U.S.C. § 1442. *Kolibash v. Comm. On Legal Ethics of W. Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989). And so, this District has applied this framework to cases removed under Section 1441(a).[2] *See Md. Comm'r of Fin. Regul. v. W. Sky Fin., LLC*, No. 11-0735, 2011 WL 4894075, at *2-3 (D. Md. Oct. 12, 2011) (citing *Kolibash v. Comm. On Legal Ethics of W. Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989); *see also Rockville Harley-Davidson v. Harley-Davidson Motor Co.*, 217 F. Supp. 2d 673, 676-77 (D. Md. 2002); *Gottlieb v. Lincoln Nat'l Life Ins. Co.*, 388 F. Supp. 2d 574, 580-81 (D. Md. 2005).

Given this, in a Section 1441(a) matter, the Court first evaluates "the functions, powers, and procedures of the state tribunal in order to consider whether the entity functions as a court." *Rockville Harley-Davidson*, 217 F. Supp. 2d at 676 (citation omitted). If the Court determines that the State agency functions as a court, the Court then considers "the respective state and federal interests in the subject matter and in the provision of a forum." *Id.* (citation omitted). And so, this Court has held that it must remand a case, if the defendant cannot show that "the agency functions as a court *and* 'federal interests predominate over state interests.'" *W. Sky Fin.*, 2011 WL 4894075, at *3 (emphasis in original) (quoting *Rockville Harley-Davidson*, 212 F. Supp. at 677, 679).

Analysis

Plaintiff persuasively argues that defendants have not properly removed this case from the OCFR pursuant to Section 1441(a) for several reasons.

First, there can be no genuine dispute that the OCFR does not function like a State court within the context of Section 1441(a). To determine whether the OCFR is a State court, for purposes of removal under Section 1441, the Court first evaluates "the functions, powers, and procedures of the [OCFR] in order to consider whether the entity functions as a court." *Rockville Harley-Davidson*, 217 F. Supp. 2d at 676 (citation omitted). This Court has previously

---

[2] The Fourth Circuit has recognized that Section 1442 "is to be broadly construed," because "the policy of protecting federal officers by guaranteeing them a federal forum should not be frustrated by a narrow, grudging interpretation of the statute." *Kolibash*, 872 F.2d at 576 (citation omitted).

4

considered this question in *Maryland Commissioner of Financial Regulation v. Western Sky Financial, LLC*, and held that OCFR is not a State court, because this State agency does not possess judicial power. 2011 WL 4894075, at *3. And so, while not binding authority, *Western Sky* provides persuasive authority for the Court to similarly determine that the OCFR does not function as a court here.

In this regard, defendants correctly observe that the OCFR possesses some "court-like" attributes. *See* Def. Resp. at 31-32. For example, the OCFR may conduct hearings, and issue subpoenas, cease and desist orders and fines. *See* Md. Code Ann., Fin. Inst. §§ 2-114(b), 2-115(b), 11-217. But, as plaintiff persuasively argues, many other attributes of the OCFR make clear that this agency does not possess judicial power. For example, it is undisputed that the OCFR cannot enforce its own subpoenas or orders, and that the agency must apply to a Maryland circuit court to enforce its subpoenas and orders. *See id.* at § 2-114(c)(1). The OCFR also cannot impose injunctions or other equitable remedies without filing a complaint in a Maryland circuit court. *Id.* at § 2-116. In addition, decisions of the OCFR are appealable to a Maryland circuit court, and the circuit court may hear additional evidence and either, reverse, affirm, or modify a decision by the OCFR. *Id.* at § 11-218(a)-(c). Given this, the facts about how the OCFR functions make clear that this agency does not function as a State court.

The Court's conclusion that the OCFR does not function as a State court for purposes of the general removal statute would appear to be dispositive of plaintiffs' motion to remand. While the defendants argue that removal is appropriate here, because there is an overriding federal interest implicated in this case under Federal Deposit Insurance Act, 18 U.S.C. §§ 1811 to 1835a, they point to no case—and the Court is not aware of any case—where a court has held that removal is proper under Section 1441(a) when the forum at issue is not a State court. *See generally* Def. Resp.

Notwithstanding this concern, defendants also have not shown that there is a federal interest in this case that outweighs the State of Maryland's interest in this matter. As this Court has previously recognized, the State of Maryland has a "substantial interest in regulating lending within its jurisdiction and in providing a forum for enforcement of the [Maryland Consumer Loan Laws] and related rules." *W. Sky Fin.*, 2011 WL 4894075, at *4.

Defendants' argument that this case implicates Section 27 of the FDIA, 12 U.S.C. § 1831d(a), because the OCFR's enforcement action involves state usury law claims against a state-chartered bank, is also unsubstantiated. A plain reading of the Charge Letters for the OFCR's enforcement action shows that this enforcement action involves allegations of unlicensed lending practices in Maryland. *See* Compl. Such conduct does not implicate Section 27.[3] *See generally id.*; *see also* 12 U.S.C. § 1831d(a). Given this, defendants have not shown that there is a federal interest that outweighs the State of Maryland's interest in this case. *Rockville Harley-Davidson*, 217 F. Supp. 2d at 676 (citation omitted).

## Conclusion

And so, for the foregoing reasons, the Court **GRANTS** plaintiff's motion to remand.

During the status conference held in this matter on April 28, 2022, defendants requested an opportunity to file a motion requesting that the Court certify its decision to remand this case to the OCFR for appeal, pursuant to 28 U.S.C. § 1292(b). And so, the Court will **HOLD-IN-ABEYANCE** its **REMAND ORDER** pending the resolution of that motion. The parties shall adhere to the following briefing schedule for defendants' motion:

| | |
|---|---|
| Defendants' motion due | **May 5, 2022** |
| Plaintiff's response due | **May 20, 2022** |
| Defendants' reply due | **May 27, 2022** |

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[3] Defendants correctly observe that Section 27 of FDIA "completely preempts state usury law claims against state-chartered banks." *W. Va. v. CashCall, Inc.*, 605 F. Supp. 2d 781, 784-85 (S.D. Wv. 2009). But, the Court does not read the charges set forth in the OCFR's Charge Letters to allege usurious lending. *See* ECF No. 2 at 11.